UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

AHMADOU SANKARA,

        **Plaintiff,**

    v.               9:16-CV-885
                      (FJS/TWD)
MONTGOMERY, BURGESS and
LOPEZ,

        **Defendants.**
_____

**APPEARANCES**            **OF COUNSEL**

**AHMADOU SANKARA**
16-R-122
Coxsackie Correctional Facility
P.O. Box 999
Coxsackie, New York 12051
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**     **MATTHEW P. REED, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**SCULLIN, Senior Judge**

## ORDER

  The sole remaining claim in this civil rights action is Plaintiff's Eighth Amendment conditions-of-confinement claim involving the alleged denial of meals against Defendants Keith Montgomery, a Department of Corrections and Community Supervision ("DOCCS") Sergeant at Fishkill Correctional Facility; Erik Burgess, a Corrections Officer at Fishkill Correctional Facility; and Jessica Lopez, a former Corrections Officer at Fishkill Correctional Facility.

Defendants moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure on the grounds that Plaintiff had failed to exhaust his administrative remedies and had not asserted a constitutional violation. *See* Dkt. No. 81. Plaintiff filed papers in opposition to Defendants' motion. *See* Dkt. No. 84.

In a Order and Report-Recommendation dated June 25, 2018, Magistrate Judge Dancks recommended that this Court grant Defendants' motion for summary judgment. *See* Dkt. No. 88. Specifically, after thoroughly reviewing the record, she concluded that Plaintiff had failed to exhaust his administrative remedies with regard to his Eighth Amendment claim. *See id.* at 9-17. Alternatively, she found that summary judgment was warranted because the evidence fell "short of that required to support an Eighth Amendment violation, and the evidence [did] not support a finding that Plaintiff [had] suffered a sufficiently serious condition [as a result of the] denial of a meal or meals." *See id.* at 21.

On July 2, 2018, the Court received Plaintiff's objections to Magistrate Judge Danck's recommendations. *See* Dkt. No. 89.

After reviewing a magistrate judge's recommendations, the district court may accept, reject or modify those recommendations. *See* 28 U.S.C. § 636(b)(1). The court reviews *de novo* those portions of the magistrate judge's recommendations to which a party objects. *See Pizzaro v. Bartlett*, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). "'If, however, the party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error."'" *McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007) (quotation and other citations omitted).

Plaintiff's objections are, for the most part, general and conclusory. In addition, some of his

objections do not refer to his Eighth Amendment claim but, rather, concern claims that this Court has already dismissed. Moreover, to the extent that Plaintiff objects to Magistrate Judge Dancks' recommendations regarding the issue of whether he exhausted his administrative remedies, Plaintiff basically makes the same arguments that he made in opposition to Defendants' motion for summary judgment, which Magistrate Judge Dancks thoroughly reviewed and found no evidence to support Plaintiff's contention that he had filed grievances regarding the denial of meals.

Alternatively, the Court notes that, even if it were to find that Plaintiff had exhausted his administrative remedies with regard to denial of his meals, Defendants would still be entitled to summary judgment on Plaintiff's claim because, as Magistrate Judge Dancks thoroughly explained, the denial of five meals over the course of fifty-three days does not rise to the level of a violation of Plaintiff's Eighth Amendment rights; and, furthermore, the evidence does not support a finding that Plaintiff suffered a sufficiently serious condition as a result of Defendants' denial of those meals.

Accordingly, having reviewed the entire file in this matter, Magistrate Judge Dancks' June 25, 2018 Order and Report-Recommendation, and Plaintiff's objections thereto, as well as the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Dancks' June 25, 2018 Order and Report-Recommendation, *see* Dkt. No. 88, is **ACCEPTED in its entirety** for the reasons stated therein; and the Court further

**ORDERS** that Defendants' motion for summary judgment, *see* Dkt. No. 81, is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Defendants and close this case.

**IT IS SO ORDERED.**

Dated: July 13, 2018
       Syracuse, New York

                                            Frederick J. Scullin, Jr.
                                            Senior United States District Judge